1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AARON STRIBLING,

11         Plaintiff,                    No. 2:12-cv-2729 JAM EFB P

12         vs.

13   J. DEFAZIO, et al.,                 ORDER GRANTING IFP AND SCREENING
                                         ORDER DISMISSING COMPLAINT WITH
14         Defendants.                   LEAVE TO AMEND
     _____/

15

16         Plaintiff is a state inmate proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

18   forma pauperis.

19   **I.      Request to Proceed In Forma Pauperis**

20         Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

21   Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   ////

26   ////

                                                1

1   **II.      Screening Requirement and Standards**

2          Federal courts must engage in a preliminary screening of cases in which prisoners seek

3   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7   relief."  *Id.* § 1915A(b).

8          A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short

10  and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129

15  S. Ct. 1937, 1949 (2009).

16         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18  action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19  a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*,

20  129 S. Ct. at 1949.

21         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23  content that allows the court to draw the reasonable inference that the defendant is liable for the

24  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

25  ////

26  ////

1   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

2   *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

3   the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

4   **III.    Screening Order**

5          The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be

6   dismissed with leave to amend.  First, plaintiff appears to have improperly joined unrelated

7   claims and defendants in a single lawsuit.  The complaint references discrete events involving

8   one or more of the approximately 24 named defendants.  *See* Dckt. No. 1 (including allegations

9   regarding: (1) excessive force by defendant Bartolomedi on January 27, 2010 and wrongful

10  placement in administrative segregation; (2) an August 11, 2010 falsified battery on a peace

11  officer charge to retain plaintiff in administrative segregation; (3) an August 30, 2010 physical

12  assault, false battery charge, and Security Housing Unit ("SHU") term; (4) a November 22, 2010

13  falsified charge for refusing to accept a cellmate; (5) an alleged instance of deliberate

14  indifference on March 2, 2011; (6) alleged denial of yard time from March 4, 2011 to May 5,

15  2011; (7) a March 5, 2011 denial of prescheduled visit; (8) a wrongfully assessed SHU term on

16  May 4, 2011; (9) a July 28, 2011 use of a chemical spray and denial of medical care; and (10) a

17  July 29, 2011 unnecessary force incident).  While plaintiff's intended claims for relief are not

18  clear, it is obvious that the above allegations may not be properly joined together as claims in

19  this action, as they involve discrete events that do not arise out the same occurrence *and* involve

20  a common question of law or fact.[1]  *See* Fed. R. Civ. P. 20(a)(2).  Because the complaint appears

21

22          [1] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim

23  . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against
    an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

24  Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims
    against different defendants belong in different suits, not only to prevent the sort of morass [a

25  multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the
    required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

26  or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C.
    § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

to allege unrelated claims against different defendants, plaintiff must file an amended complaint correcting this defect.  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

Second, plaintiff's allegations regarding an alleged use of excessive force by defendant Bartolomedi on January 27, 2010 are duplicative of those currently being litigated in *Stribling v. Bortolemedi*, No. 2:10-cv-3247 CKD.[2]  *See* 28 U.S.C. § 1915A(b)(1); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (A complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915).  Plaintiff must pursue his excessive force allegations against Bartolomedi in the action he initially commenced.  Those allegations shall not be re-alleged in any amended complaint.

Third, the allegations in the complaint are simply too vague and conclusory to state a cognizable claim for relief and violate Rule 8.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id*.  In an amended complaint, plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged

---

[2] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1  constitutional injury or joining a series of unrelated claims against many defendants very likely

2  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

3  plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

4  these instructions.

5       The court will, however, grant leave to file an amended complaint.

6       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

7  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

8  the alleged violation was committed by a person acting under the color of state law.  *West v.*

9  *Atkins*, 487 U.S. 42, 48 (1988).

10      An individual defendant is not liable on a civil rights claim unless the facts establish the

11 defendant's personal involvement in the constitutional deprivation or a causal connection

12 between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See*

13 *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

14 Cir. 1978).  Plaintiff may not sue any official on the theory that the official is liable for the

15 unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

16 (2009).  Rather, a plaintiff must plead that each defendant, through his own individual actions,

17 has violated the Constitution.  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible

18 claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

19 2009).

20      To state a viable First Amendment retaliation claim, a prisoner must allege five elements:

21 "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

22 that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

23 First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

24 goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the

25 First Amendment includes communications that are "part of the grievance process."  *Brodheim*,

26 584 F.3d at 1271 n.4.

1    To state a claim for violation of the right to procedural due process, plaintiff must allege

2    facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and

3    (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.

4    2003).  State regulations may create a liberty interest in avoiding restrictive conditions of

5    confinement if those conditions "present a dramatic departure from the basic conditions of [the

6    inmate's] sentence."  *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

7    In the context of a disciplinary proceeding where a liberty interest is at stake, due process

8    requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S.

9    445, 455 (1985).  The inmate must also receive: "(1) advance written notice of the disciplinary

10   charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to

11   call witnesses and present documentary evidence in his defense; and (3) a written statement by

12   the factfinder of the evidence relied on and the reasons for the disciplinary action."  *Id.* at 454

13   (citing *Wolff*, 418 U.S. at 563-67).

14   The Eighth Amendment protects prisoners from inhumane methods of punishment and

15   from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

16   2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

17   only those deprivations denying the minimal civilized measure of life's necessities are

18   sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

19   503 U.S. 1, 9 (1992).  " Prison officials have a duty to ensure that prisoners are provided

20   adequate shelter, food, clothing, sanitation, medical care, and personal safety.  The

21   circumstances, nature, and duration of a deprivation of these necessities must be considered in

22   determining whether a constitutional violation has occurred.  The more basic the need, the

23   shorter the time it can be withheld."  *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000)

24   (quotations and citations omitted).

25   Negligence does not amount to a violation of a federal constitutional or statutory right.

26   *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable

1   under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to

2   inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of

3   mind more blameworthy than negligence.").

4          "[W]henever prison officials stand accused of using excessive physical force in violation

5   of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was

6   applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

7   cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  While malicious and sadistic uses

8   of force always violate contemporary standards of decency, not every "malevolent touch" by a

9   prison guard is actionable as an Eighth Amendment violation.  *Id.* at 9.  "The Eighth

10  Amendment's prohibition of cruel and unusual punishment necessarily excludes from

11  constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

12  of a sort repugnant to the conscience of mankind."  *Id.* at 9-10 (internal quotation marks and

13  citations omitted).  What violates the Eighth Amendment is "the unnecessary and wanton

14  infliction of pain," i.e., infliction of suffering that is "totally without penological justification."

15  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

16         The following factors are relevant to a determination of whether a use of force violated

17  the Eighth Amendment: (1) the need for the use of force; (2) the relationship between the need

18  for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the

19  officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts

20  made to temper the severity of the forceful response.  *Whitley v. Albers*, 475 U.S. 312, 321

21  (1986).

22         To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

23  plaintiff must establish that he had a serious medical need and that the defendant's response to

24  that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

25  *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

26  treat the condition could result in further significant injury or the unnecessary and wanton

7

1  infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

2  delay or intentional interference with medical treatment or by the way in which medical care is

3  provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with

4  deliberate indifference, a prison official must both be aware of facts from which the inference

5  could be drawn that a substantial risk of serious harm exists, and he must also draw the

6  inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he

7  knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to

8  take reasonable measures to abate it."  *Id.* at 847.  "[I]t is enough that the official acted or failed

9  to act despite his knowledge of a substantial risk of serious harm."  *Id.* at 842.  A physician need

10 not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.

11 *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a

12 serious medical condition, even if some treatment is prescribed, may constitute deliberate

13 indifference in a particular case.  *Id.*  It is well established that mere differences of opinion

14 concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

15 *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344

16 (9th Cir. 1981).

17         Should plaintiff choose to file an amended complaint, the amended complaint shall

18 clearly set forth the claims and allegations against each defendant.   It must also allege a

19 cognizable legal theory against a proper defendant and sufficient facts in support of that

20 cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

21 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

22 their complaints).

23         Additionally, any amended complaint must be written or typed so that it is complete in

24 itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

25 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

26 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim upon which relief may be granted.

Dated: May 8, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE